**BEAUCOUDRAY v. ROBERTS**

———

(July 7, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Brokers—Par. 15.**
When a prospective purchaser of property obligates himself to pay the broker's commission on his failure to comply with his offer, and the sale is not consummated but through no fault of the prospective purchaser, he owes no broker's commission.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Action by May F. Beaucoudray against H. S. Roberts.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Charles Louque, of New Orleans, attorney for plaintiff, appellee.

John D. Nix, Jr., and W. W. Wright, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. Plaintiff sues for the return of a deposit.

She alleges that on November 6, 1924, she signed an offer to purchase property for the price of $7650 on condition that she should obtain a homestead loan of $6500, which she did not obtain; that in accordance with said offer she deposited with the defendant H. S. Roberts, real estate broker, $765; that by written agreement between her and the owner, Harry Goldstein, the above agreement of sale was cancelled and the deposit made by her ordered returned, which the said Roberts, broker, refuses to do, and for which she claims judgment.

The offer to purchase is as follows:

"New Orleans, November 6, 1924.
"H. S. Roberts,
"Dear Sir:
"I hereby offer to purchase for $7650 the property No. 2900-06 Melpomene. Terms and conditions: Cash, subject to a Homestead loan of $6500. * * * If this offer is accepted, I agree to deposit with H. S. Roberts $765.00 on account of purchase price. In the event of acceptance, and my failure to comply with the terms of this offer, I obligate myself to pay on demand your commission of four per cent on this sale.
(Signed) "May Beaucoudray."
"New Orleans, November 6, 1924.
"Acceptance of above offer is hereby authorized and I agree to pay you your brokerage of $150.
(Signed) "H. Goldstein."

The agreement to cancel the above sale is as follows:

"New Orleans, January 22, 1925.
"It is mutually agreed * * * between Harry Goldstein and Mrs. May Beaucoudray, that the agreement of sale heretofore made and signed in relation to two certain lots and * * * is hereby annulled and set aside, and the deposit made by Mrs. Beaucoudray be returned to her free of expense and the real estate agent H. S. Roberts is hereby directed to return the same to Mrs. May Beaucoudray.
(Signed) "Harry Goldstein.
"May F. Beaucoudray."

The defendant admitted the offer of sale and the acceptance thereof, but denied that any agreement between the plaintiff and the owner of the property can affect him;

and assuming the character of plaintiff in reconvention the defendant prayed for judgment for $306 and $100 attorney's fees.

By consent, judgment was rendered in favor of plaintiff for the balance, $359.

After trial judgment was rendered for plaintiff for $406 balance due.

The defendant has appealed.

The testimony shows that the American Homestead approved the application and granted the loan. But after the title had been submitted to their attorney for examination he reported "that there was a defect in the measurement of the title, and that he could not pass upon the validity of the title without having a survey and plan to decide upon the validity of the title." It was even said that the property encroached upon the sidewalk. Goldstein, the owner, refused to have a survey made. The homestead then cancelled the loan.

The defendant rests his case upon the principle that the party owes the commission through whose fault the sale failed. Quoting 22 Howard U. S. 69, 4 Orl. App. 65, 4 id, 345, 391.

But this is not the case here. It was not through the plaintiff's fault that the sale was not consummated. The sale was made "subject to a homestead loan of $6500." After examination of the title, the homestead required a survey, the owner refused to have one made, and the homestead cancelled the loan. It is thus evident that the plaintiff was not the cause of the failure of the sale; that it was clearly the duty of Goldstein under the circumstances to have had a survey made to prove the validity of his title.

The judgment was in favor of plaintiff and it is affirmed.